IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL DUDLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BYRAM HEALTHCARE CENTERS, INC.; OWENS & MINOR DISTRIBUTION, INC.; and DOES 1-20, inclusive,<br><br>Defendant. | No. 2:24-cv-00911<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>**(from King County Superior Court, Case No. 24-2-09844-5 SEA)** |

PLEASE TAKE NOTICE that Defendants Byram Healthcare Centers, Inc. and Owens & Minor Distribution, Inc. ("Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and remove the above-entitled action to this Court from the Superior Court of the State of Washington for the County of King based on the Class Action Fairness Act of 2005 ("CAFA"). In support thereof, Defendants assert the following:

1. On May 3, 2024, Plaintiff Crystal Dudley ("Plaintiff") filed a Class Action Complaint for Damages and Injunctive Relief (the "Complaint") against Defendants in the Superior Court of the State of Washington for the County of King. *See* Declaration of Peter Nohle ("Nohle Decl.") at ¶ 3 and **Ex. A**. The Complaint was entitled *Crystal Dudley, individually and on behalf of all others similarly situated, Plaintiff v. Byram Healthcare Centers, Inc.; Owens & Minor Distribution, Inc.; and Does 1-20, inclusive, Defendants*, Case No. 24-2-09844-5 SEA, and set

NOTICE OF REMOVAL - 1
(Case No. 2:24-cv-00911)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

forth a cause of action against Defendants alleging violations of the job posting requirements of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. *See* Nohle Decl., **Ex. A**.

2. As stated therein, the Complaint is brought as a putative class action pursuant to Rule 23 of the Superior Court Civil Rules for the State of Washington on behalf of Plaintiff Crystal Dudley and a putative class defined as "all individuals who, from January 1, 2023 through the present ('Class Period') applied for a job opening in the State of Washington with any one or more of the Defendants." *See* Nohle Decl., **Ex. A** at ¶ 27.

3. In addition to the Complaint, Plaintiff also filed a Case Information Cover Sheet on May 3, 2024. *See* Nohle Decl. at ¶ 5 and **Ex. C**. That same day, the clerk issued its Order Setting Civil Case Schedule. *See* Nohle Decl. at ¶ 4 and **Ex. B**.

4. As set forth in the Affidavit and Certificate of Service that Plaintiff filed on June 3, 2024, Defendant Byram Healthcare Centers, Inc. and Owens & Minor Distribution, Inc. first received Plaintiff's Summons, Complaint, and Order Setting Civil Case Schedule when they were served on May 24, 2024. *See* Nohle Decl. at ¶¶ 7 and 8) and **Exs. E and F**.

5. As of the date of this Notice of Removal, the pleadings on file in the Superior Court are limited to: (1) the Class Action Complaint for Damages and Injunctive Relief; (2) the Order Setting Civil Case Schedule; (3) the Case Information Cover Sheet; (4) the Summons; (5) the Affidavit and Certificate of Service for Defendant Byram Healthcare Centers, Inc.; and (6) the Affidavit and Certificate of Service for Defendant Owens & Minor Distribution, Inc. *See* Nohle Decl. at ¶ 9 and **Exs. A – F**.

**TIMELINESS OF REMOVAL**

6. This Notice of Removal has been filed within thirty (30) days after Defendants were first served with a copy of Plaintiff's Summons and Complaint on May 24, 2024. *See* Nohle Decl. at ¶ 10 and **Exs. E and F**. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he

NOTICE OF REMOVAL - 2
(Case No. 2:24-cv-00911)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.")

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiffs' counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## VENUE IS PROPER

8. This action was filed in the Superior Court in and for the County of King at Seattle. Thus, venue of this action properly lies in the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where the defendant resides. *See* Nohle Decl., **Ex. A** at ¶ 8 ("[T]he acts and omissions alleged [in the Complaint] took place, in significant part, in King County, Washington, and Defendants transact business in King County, Washington.").

## REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

9. Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

10. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary Defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

11. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving,

NOTICE OF REMOVAL - 3
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

based on the allegations in the Complaint, more than 100 members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. §§ 1332(d) and 1453. Furthermore, Defendant is not a State, State official, or other governmental entity.

**A.    The Putative Class Contains More Than 100 Members.**

12.    CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

13.    Here, the Complaint alleges: "Plaintiff brings this action on behalf of . . . [a]ll individuals who, from January 1, 2023 through the present ('Class Period') applied for a job opening in the State of Washington with any one or more of the Defendants." *See* Nohle Decl., **Ex. A** at ¶ 27.

14.    Based on Defendants' records, 899 individuals have applied for Defendants' job openings during the Class Period. *See* Declaration of Rick Livingston ("Livingston Decl.") at ¶ 9.

15.    Accordingly, the numerosity requirement for jurisdiction under CAFA is easily satisfied based on the number of applicants falling within Plaintiff's definition of the "Class."

**B.    The Named Defendants are not Government Entities.**

16.    Defendants Byram Healthcare Centers, Inc. and Owens & Minor Distribution, Inc. are not States, State officials, or any other governmental entity. *See* Livingston Decl. at ¶¶ 6, 8.

**C.    Minimal Diversity is Satisfied Under CAFA.**

17.    The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)-(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969); *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

18.    Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

NOTICE OF REMOVAL - 4
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

19. For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Furthermore, a person's intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

20. Defendants are informed and believe that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of Washington. *See* Nohle Decl., **Ex. A** at ¶ 9 ("Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington."). Accordingly, Plaintiff is a citizen of the State of Washington for purposes of removal under CAFA.

21. For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

22. With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state.

23. Defendant Byram Healthcare Centers, Inc. ("Byram Healthcare Centers") was, at the time Plaintiff filed the Complaint, and presently is a corporation organized under the laws of

NOTICE OF REMOVAL - 5
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  the State of New Jersey. *See* Livingston Decl. at ¶ 5. At all relevant times, Defendant Byram
2  Healthcare Centers' company headquarters, and thus its principal place of business, has been in
3  New York. *Id.* Defendant Byram Healthcare Centers' executive and administrative operations are
4  centrally managed from its headquarters in New York. *Id.* The Board of Directors and executive
5  officers of Defendant Byram Healthcare Centers maintain their offices at Defendant Byram
6  Healthcare Centers' New York headquarters. *Id.* From its New York headquarters, Byram
7  Healthcare Centers also makes and implements company-wide operating, distribution, financial,
8  employee relations, marketing, development, customer care, and accounting policy decisions.
9  Accordingly, for purposes of removal under CAFA, Defendant Byram Healthcare Centers is a
10 citizen of the States of New Jersey and New York, but is not a citizen of the State of Washington.

11       24.     Defendant Owens & Minor Distribution, Inc. ("Owens & Minor") was, at the time
12 Plaintiff filed the Complaint, and presently is a corporation organized under the laws of the
13 Commonwealth of Virginia. *See* Livingston Decl. at ¶ 7. At all relevant times, Defendant Owens
14 & Minor's company headquarters, and thus its principal place of business, has been in Virginia.
15 *Id.* Defendant Owens & Minor's executive and administrative operations are centrally managed
16 from its headquarters in Virginia. *Id.* The Board of Directors and executive officers of Defendant
17 Owens & Minor maintain their offices at Defendant Owens & Minor's Virginia headquarters. *Id.*
18 From its Virginia headquarters, Defendant Owens & Minor also makes and implements company-
19 wide operating, distribution, financial, employee relations, marketing, development, customer
20 care, accounting, income tax, treasury, and legal policy decisions. *Id*. Further, Defendant Owens
21 & Minor's Board of Directors meetings take place in Virginia, its financial records are maintained
22 there, and its tax returns are filed from there. *Id*. Accordingly, for purposes of removal under
23 CAFA, Defendant Owens & Minor Distribution, Inc. is a citizen of the Commonwealth of Virginia
24 but is not a citizen of the State of Washington.

25       25.     Given the above, minimal diversity exists under CAFA because at least one
26 member of the putative class (Plaintiff) was, at the time this action was commenced—and is still
27 believed to be—a citizen of the State of Washington, while Defendant Byram Healthcare Centers,
28

NOTICE OF REMOVAL - 6
(Case No. 2:24-cv-00911)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Inc. was—and still is—a citizen of the State of New Jersey and the State of New York, and Defendant Owens & Minor was—and still is—a citizen of the Commonwealth of Virginia. 28 U.S.C. § 1332(d)(2).

### D. The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading of the Allegations of the Complaint.[1]

26. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly . . . .").

27. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy . . . encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim")). Moreover, the argument and facts set forth in the Complaint may appropriately be considered in determining whether the jurisdictional amount in controversy

---

[1] Defendants deny each and every allegation set forth by Plaintiff in the Complaint and deny that Plaintiff or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief. Defendants also deny that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

NOTICE OF REMOVAL - 7
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1 requirement is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)); *see also Fuller v. Bloom Inst. of Tech.*, 2023 U.S. Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) ("[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions . . . [a]n assumption may be reasonable if it is founded on the allegations of the complaint." (internal quotations omitted) (citing *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).

28. Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

29. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554.

30. Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class

NOTICE OF REMOVAL - 8
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1   or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

31.   The gravamen of Plaintiff's Complaint is: (a) that from January 1, 2023, to the present, Plaintiff and the members of the putative class applied for job openings with Defendants in response to job postings that did not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered, in violation of the EPOA (specifically, RCW 49.58.110); and (b) that as a result of Defendants' failure to disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered as part of their job postings, Plaintiff and the members of the putative Class are entitled to the greater of statutory damages of $5,000 or actual damages.  *See* Nohle Decl., **Ex. A** at ¶¶ 20–26, 31–32.

32.   As provided in Rick Livingston's Declaration submitted herewith:

> Since January 1, 2023, 899 individuals have applied for jobs in the State of Washington with Defendants Byram Healthcare Centers, Inc. and Owens & Minor Distribution, Inc.

*See* Livingston Decl. at ¶ 9.

33.   As provided in the Complaint:

NOTICE OF REMOVAL - 9
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

> A job applicant or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070 for violations of RCW 49.58.110. RCW 49.58.110(4). An employee may bring a civil action against an employer for "… actual damages; statutory damages equal to the actual damages or five thousand dollars, whichever is greater; interest of one percent per month on all compensation owed; and costs and reasonable attorneys' fee. The court may also order reinstatement and injunctive relief." RCW 49.58.070(1).

*See* Nohle Decl., **Ex. A** at ¶ 32.

34. Thus, and without admitting that Plaintiff could recover any damages whatsoever, a plausible reading of the cause of action alleged in the Complaint estimates a minimum aggregate amount in controversy of $4,495,000 in statutory damages alone, exclusive of attorneys' fees, interest, and costs (i.e., minimum statutory damages of $5,000 per applicant, multiplied by 899 applicants during the Class Period).

35. Plaintiff also seeks an unspecified amount of attorneys' fees in her Complaint, which the Court should consider and include in the amount in controversy. *See* Nohle Decl. **Ex. A** at p. 9, "Prayer for Relief" at No. 4. *See, e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fee awards in Washington pay transparency class actions can easily total several hundred thousands of dollars or more. Moreover, the Ninth Circuit recently concluded "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("unaccrued post-removal attorneys' fees can be factored into the amount in controversy.").

36. "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a pay transparency class action, removing Defendant can reasonably assume that

NOTICE OF REMOVAL - 10
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

37. The Court should therefore also consider attorneys' fees of at least $1,123,750, based on the aggregate amount in controversy calculated in Paragraph 33 above. *See, e.g., Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11-13 (C.D. Cal. 2015) (finding the defendant's assumptions regarding attorneys' fees to be "reasonable" on removal where the defendant stated "Plaintiffs would recover a 25 percent fee" totaling "$1,329,245," based on "the amount in controversy before attorneys' fees" of "$5,316,978").

38. Thus, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class treatment, it is plausible that the aggregate amount in controversy in connection with Plaintiff's putative class claims surpasses the $5,000,000 jurisdictional threshold required under CAFA based on the cause of action alleging violation of RCW 49.58.110.

39. Based on the foregoing, Defendants hereby respectfully remove the above-captioned action from the King County Superior Court to this Court based on CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.

NOTICE OF REMOVAL - 11
(Case No. 2:24-cv-00911)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  DATED this 24th day of June, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____
Peter H. Nohle, WSBA #35849
Telephone: (206) 626-6436
Peter.Nohle@jacksonlewis.com
Gray Jeong, WSBA #61858
Telephone: (206) 626-6406
Gray.Jeong@jacksonlewis.com
520 Pike Street, Suite 2300
Seattle, WA 98101

Counsel for Defendants Byram Healthcare Centers, Inc. and Owens & Minor Distribution, Inc.

NOTICE OF REMOVAL - 12
(Case No. 2:24-cv-00911)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

| | |
|---|---|
| Jamie K. Serb, WSBA #62065<br>Zachary M. Crosner, WSBA #61644<br>CROSNER LEGAL, P.C.<br>92 Lenora Street, #179<br>Seattle, WA 98121<br>Telephone: (866) 276-7637<br>jamie@crosnerlegal.com<br>zach@crosnerlegal.com | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☐ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

Counsel for Plaintiff

DATED this 24th day of June, 2024.

_____
Sage Arial

NOTICE OF REMOVAL - 13
(Case No. 2:24-cv-00911)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404